UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **DAVID YORK**, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-10-55 |
| | § | |
| **TROPIC AIR, LTD.**, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Plaintiffs David and Gay York's ("Plaintiffs") Motion to Compel the Deposition of Steven Schulte and the Production of TropicAir.com Customer Information (Dkt. No. 47), to which Defendant Tropic Air, Ltd. ("Tropic Air") has responded (Dkt. No. 52), Plaintiffs have replied (Dkt No. 53), and Tropic Air has surreplied (Dkt No. 54). Having considered the motion, response, replies, record, and relevant law, the Court is of the opinion that Plaintiffs' motion should be **GRANTED** in part and **DENIED** in part.

**I. Background**

This action arises from the September 7, 2008 crash of a Cessna Caravan 208B aircraft owned and operated by Tropic Air, during which Plaintiffs claim they were injured. In its Answer, Tropic Air raised an affirmative defense pursuant to FED. R. CIV. P. 12(b)(2), contesting this Court's exercise of personal jurisdiction. (Dkt. No. 6.) As a result, the Parties agreed to first pursue discovery related to personal jurisdiction over Tropic Air, and the Court entered an agreed scheduling order providing that "[d]iscovery as to Tropic Air shall be limited to jurisdiction except that which is agreed to by Tropic Air." (Joint Pretrial Scheduling Order, Dkt. No. 20 ¶ 1.)

Plaintiffs now move the Court to compel Tropic Air to provide the following jurisdictional discovery: (1) further deposition of Steven Schulte in Texas, and (2) production of information submitted by Texas customers with Texas addresses booking flights through Tropic Air's website.

1

**II. Plaintiffs' Motion to Compel the Further Deposition of Steven Schulte**

Plaintiffs seek leave to further depose Tropic Air CEO Steven Schulte in order to examine him regarding some of the roughly 12,000 pages of jurisdictional discovery that Tropic Air has produced since his initial deposition. Among these documents are numerous credit card statements reflecting expenses incurred by Mr. Schulte in Texas, for which he was subsequently reimbursed by Tropic Air. Plaintiffs explain that while they have been able to elicit some relevant testimony despite the late production of these documents, Mr. Schulte is the only witness with knowledge of the details of actions that he himself carried out on behalf of Tropic Air while in Texas.

Federal Rule of Civil Procedure 30 provides that leave of court is required in order to subject a person to a second deposition. FED. R. CIV. P. 30(a)(2)(A)(ii). Such leave will be granted "to the extent consistent with Rule 26(b)(2)." FED. R. CIV. P. 30(a)(2). Rule 26(b)(2) confers "considerable discretion upon a district court to limit discovery, especially where the party seeking discovery has already had 'ample opportunity' to obtain the information sought, and the burden of the proposed discovery outweighs its likely benefit." *Seymore v. Penn Maritime, Inc.*, 2007 WL 101818, at *1 (S.D. Tex. Jan. 8, 2007). An additional consideration given by Rule 26 is whether "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). In determining whether the burden or expense of the proposed discovery outweighs its likely benefit, a court should consider "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  FED. R. CIV. P. 26(b)(2)(C)(iii).

Tropic Air argues that Plaintiffs should not be granted leave to conduct a second deposition of Mr. Schulte because they have had "ample opportunity" to obtain the information sought through their prior depositions of Mr. Schulte as well as Tropic Air's CFO, Sarah Dalsin, who Tropic Air

claims is "intimately acquainted with Tropic Air's day-to-day financial details." (Dkt. No. 52 at 5.) Tropic Air further contends that a second deposition would be unreasonably cumulative.

In response, Plaintiffs explain that they were unable to fully examine Ms. Dalsin on many of the documents containing the evidence at issue, as these documents were delivered to Plaintiffs' counsel in Belize the night before Ms. Dalsin's deposition. Moreover, an examination of Ms. Dalsin's deposition transcript reveals that she responded "I don't know" to a number of questions related to topics on which Plaintiffs' seek to depose Schulte—for example, Tropic Air's purchases in Houston (Dalsin Dep., Dkt. No. 52, Ex. A at 82:12-14.), whether Tropic has paid to park a car in Texas (*Id.* at 8:3-6), Tropic Air's Texas EZ Tag toll road account (*Id.* at 9:11-14; 72:19-23), Tropic Air's internet service bills in Houston (*Id.* at 56:6-11), Tropic Air's cable TV bills in Houston (*Id.* at 58:16-18), Tropic Air's Houston cell phone numbers (*Id.* at 69:4-9), Tropic Air's activity in trade shows in Texas (*Id.* at 76:20), and whether Tropic Air advertises or markets in Texas (*Id.* at 96:12-24). Ms. Dalsin further admitted that she had never been to Texas. (*Id.* at 8:3.) Mr. Schulte, on the other hand, personally incurred the majority of the Texas credit card charges and can testify about them in specific detail.

The Court finds that Mr. Schulte's knowledge of Tropic Air's activity in Texas related to these charges cannot be presented in sufficient detail through the testimony of any other witness, by the documents produced, or through information gathered by Plaintiffs' own accord. Accordingly, Plaintiffs' motion for leave to further depose Steven Schulte is **GRANTED.**

**III. Plaintiff's Request to Conduct the Deposition in Texas**

Plaintiffs further argue that Mr. Schulte's deposition should be conducted in Texas. According to Plaintiffs, because four lawyers and a court reporter have already traveled to Belize to depose Mr. Schulte before, and the need to further depose him is due to Tropic Air's later production of discovery, the Court should order Mr. Schulte's continued deposition to take place in Texas.

"A corporation's agents and officers are normally deposed at the corporation's principal place of business[,] and a witness is normally deposed at his residence or place of employment." *Mediatek, Inc.* v. *Sanyo Elec. Co. Ltd.*, 2006 WL 5709449, *1 (E.D. Tex. Aug. 9, 2006). "This is so because it is the plaintiff who chooses the forum for suit; thus, 'plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum.'" *Id.* (quoting *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987)). This general rule can be altered by a protective order, but "the movant bears the burden to show good cause for the necessity of a protective order." *Id*.

Plaintiffs argue that while Schulte may live in Belize part-time, he has a Texas driver's license (Schulte Dep., Dkt. No. 52, Ex. B at 42:17-21); is in Texas on a regular basis based on his credit card purchases in Texas (Dkt. No. 51); is an active registered voter in Harris County, Texas (Dkt. No. 53, Ex. C); and owns a condominium in Houston, Texas on which he claims an "Over-65 Residential Homestead Exemption" (*Id.*, Ex. D). However, Mr. Schulte has offered evidence that he is also a Belize citizen, he primarily resides in Belize, he works full-time as Tropic Air's CEO in Belize, he has a Belize passport, and he is a recognized member of the Belize business community. (*See* Schulte Aff., Dkt. No. 36, Ex. A ¶ 4; Schulte Dep. at 8:6-8.) Based on the evidence presented by the Parties, the Court finds that Mr. Schulte's principal place of residence and employment is Belize.

The Court recognizes that it would be much more efficient and economical for Mr. Schulte to travel to Texas to be deposed than for at least two attorneys plus a court reporter to travel to Belize to take his deposition, especially given Mr. Schulte's substantial ties to Texas, as well as Plaintiffs' willingness to "work with Mr. Schulte to conduct his deposition when he is already going to be in or passing through Texas." (Dkt. No. 53 at 9.) However, under the Federal Rules, Mr. Schulte's deposition shall occur in Belize because it is both Tropic Air's principal place of business

4

and Mr. Schulte's place of residence and employment, and Plaintiffs have not satisfied their burden of showing good cause to depose Mr. Schulte in Texas.

Accordingly, Plaintiffs' request to conduct the deposition in Texas is **DENIED**. Mr. Schulte's deposition shall take place in Belize; however, Plaintiffs' may decide whether to conduct the deposition in person or by telephone.

**IV. Plaintiffs' Motion to Compel the Production of TropicAir.com Customer Information**

Since the beginning of jurisdictional discovery in this case, Plaintiffs have requested information reflecting Tropic Air's internet sales to Texas customers. Specifically, Plaintiffs have requested documentation containing "all reservations booked by Texas residents or persons with a Texas address through [Tropic Air's] website." (*See* Pl. Request for Production No. 45.) After initially claiming that it neither receives nor stores such information, Tropic Air now states that it is in possession of "documentation containing the addresses for all credit card purchases made through Tropic Air's website from 2006 to the present." (Dkt. 52 at 14, ¶ 33.) However, Tropic Air states that it has only located billing addresses for credit card purchasers, and "it is unknown whether the billing addresses are addresses of Texas residents, or if they are simply a billing address of a resident of another locale." (*Id.*) As such, Tropic Air claims the billing addresses are irrelevant, and it refuses to produce this documentation.

As the Fifth Circuit has repeatedly instructed, "'[a] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). The party posing discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* FED. R. CIV. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("[Rule] 37(a) [(3)(B)(iii) and (iv)] empowers the court to compel the production of documents . . . upon motion by the party

5

seeking discovery."). Materials and information are discoverable if they are "relevant to any party's claim or defense" or if they "appear [ ] reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

The Court finds that Plaintiff's request for documentation related to "reservations booked by Texas residents or persons with a Texas address through [Tropic Air's] website"—even if those addresses are billing addresses—is relevant to the issue of personal jurisdiction and therefore discoverable. Accordingly, Tropic Air is **ORDERED** to produce such documentation in its possession no later than thirty (30) days after entry of this Order.

## V. Conclusion

For the reasons set forth above, Plaintiffs' Motion to Compel the Deposition of Steven Schulte and the Production of TropicAir.com Customer Information (Dkt. No. 47) is hereby **GRANTED** in part and **DENIED** in part.

It is so **ORDERED**.

**SIGNED** this 17th day of November, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE