UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **DAVID YORK**, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-10-55 |
| | § | |
| **TROPIC AIR, LTD.**, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Tropic Air, Ltd.'s ("Tropic Air") Motion to Vacate (Dkt. No. 105), whereby Tropic Air moves the Court to vacate its March 28, 2012 Memorandum Opinion & Order denying Tropic Air's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. No. 97). Tropic Air offers no authority or argument in support of its motion to vacate, but simply states that "the parties mediated this matter and reached an agreement to settle this case." (Dkt. No. 105 at 1.)

The Northern District of Texas has summarized the Supreme Court's position on motions to vacate by reason of settlement as follows:

> The Supreme Court held that mootness by reason of settlement does not justify vacatur of a judgment under review absent "exceptional circumstances," and those exceptional circumstances "do not include the mere fact that the settlement agreement provides for vacatur." [*United States Bancorp Mortgage v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994)]. In reaching this conclusion, the Supreme Court noted that a party seeking vacatur must demonstrate "equitable entitlement to the extraordinary remedy of vacatur." *Id.* at 26. The Supreme Court further recognized that the public's interest must be taken into account when analyzing whether vacatur is justified: "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Id.* at 26 (quoting *Izumi [Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993)] (Stevens, J., dissenting)).

1

*Clever Devices, Ltd. v. Digital Recorders, Inc.*, 2004 WL 1265934, *1 (N.D. Tex. Jun. 3, 2004). The *Clever Devices* court further recognized that "[a]lthough the specific issue before the Supreme Court involved the propriety of the Supreme Court's vacating the judgment of the Court of Appeals," numerous district courts "have found *Bancorp* to be a useful guide in analyzing whether a district court should grant settlement-related vacatur." *Id.* at *1-2 (collecting cases).

Because Tropic Air has not demonstrated "exceptional circumstances" warranting vacatur of the Court's prior ruling on its motion to dismiss, Tropic Air's Motion to Vacate (Dkt. No. 105) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 22nd day of August, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE